104  107
s 110  166

MARTIN WOLF v. THOMAS HOLTON.

[See 92 Mich. 136.]

*Ejectment — Estoppel — Deed — Proof of heirship — Guardian and ward.*

1. A defendant in ejectment who entered into possession of the land in dispute under an arrangement with the acting guardian

of the minor owners for its purchase, which was never consummated, is estopped from disputing the title of the minors; citing *Wolf v. Holton,* 92 Mich. 136.

2. Recitals in a deed describing the grantors as heirs of the deceased owner of the land conveyed are insufficient proof of such heirship, and the grantee, in order to entitle the deed to be received in evidence in an action of ejectment brought by him.for said land, must prove the identity of the grantors as heirs of said deceased owner.

3. A guardian of minor heirs has no authority to make a contract for the sale of land belonging to his wards without a license from the probate or other proper court.

Error to Gratiot. (Daboll, J.) Argued January 30, 1895. Decided February 12, 1895.

Ejectment. Defendant brings error. Reversed. The facts are stated in the opinion, and in 92 Mich. 136.

*C. W. Giddings,* for appellant.

*John T. Mathews,* for plaintiff.

McGRATH, C. J. This case is before us for the second time. 92 Mich. 136.

Defendant went into possession under Foot, as guardian of Lois, Rhoda Jane, Harriet, Ella, Frank, and Della Partello, minor heirs of Leonard Partello, and therefore could not question title in those heirs.

Plaintiff claims title from Emeline Betsey Deal, formerly Emeline Betsey Partello, the widow of Leonard Partello and mother of the above-named minors. Conveyances were introduced from Frank Partello, Ella Henderson, Hattie Lutes, and Adelpha Watson to Emeline Betsey Deal. Lois Partello and Rhoda Jane Partello died without issue, before the conveyance to plaintiff. The deed from Adelpha Watson was executed March 15, 1883, and does not attempt to describe her. The deeds from Ella Henderson and Hattie Lutes describe the grantors as

heirs of Leonard Partello. Proof of the identity of each of these three grantors as heirs of Leonard Partello should have been made. The recitals in the last-named deeds were insufficient proof of the fact.

Defendant insisted upon the trial that he went into possession under a contract of purchase, and not under a lease; but the guardian had no authority to make such a contract, if made.

Other questions are raised, which are disposed of by the former opinion.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.