379 P.2d 611

**Daniel G. RONQUILLO, Plaintiff-Appellant,**

**v.**

**Jose D. SANDOVAL, Ines Sandoval Quintana, Demecia R. de Sandoval, Elias Sandoval, Eusebio Sandoval, Hipolito Sandoval, Isabelita R. Sandoval, Jose Angel Sandoval, Apolonia R. Sandoval, Reymundo Sandoval and Angelita Sandoval, Defendants-Appellees.**

**No. 6803.**

Supreme Court of New Mexico.

Dec. 3, 1962.

Rehearing Denied March 29, 1963.

**460**

Dean S. Zinn, Santa Fe, for appellant.

Annette R. Shermack, Santa Fe, for appellant on rehearing.

Jose E. Armijo, Las Vegas, for appellees.

PAYNE, District Judge.

It would unduly lengthen this opinion to give all the facts found by the trial court. Only the facts necessary for this opinion will be given.

This was a suit to quiet title to a tract of land purportedly 270 yards from north to south and adjoining the Pecos River in San Miguel County. The trial court gave judgment for the defendants and plaintiff has appealed.

On March 24, 1928, a patent was issued by the United States of America to Dionicio Sandoval for Lot 5, Sec. 5, Twp. 16 N., R. 12 E., N.M.P.M., containing 11.44 acres. Some 14 years before (February 28, 1914) Dionicio Sandoval and his wife

gave a Spanish warranty deed to Faustin Garcia covering a certain tract of land on the Pecos River in a place commonly called "La Pasada," 270 yards long from north to south, bounded on the north by an oak tree, on the west by the river, on the east by a public road, on the north by the land of Alcario Armijo, and on the south by land of the grantor.

Plaintiff-appellant claims the land described in the Spanish warranty deed of 1914 by virtue of certain deeds from the heirs of Faustin Garcia, and also as a grandson of said person. In the alternative, he claims the land by virtue of a tax deed dated January 21, 1952, from the treasurer of San Miguel County. He claims that his tract of land lies in Lot 5, Sec. 5, Twp. 16 N., R. 12 E., and in Lot 4, Sec. 4, Twp. 16 N., R. 12 E., N.M.P.M.

The trial court made certain findings concerning the appellant's claim to title as well as certain findings as to appellees' title. The appellant has attacked these findings and has asserted that the decree of the trial court is not supported by substantial evidence.

This court has repeatedly held that the plaintiff in a suit to quiet title must recover, if at all, on the strength of his own title and not on the weakness of the title of his adversary. Morris v. Ross, 58 N.M. 379, 271 P.2d 823; Eager v. Belmore, 53 N.M. 299, 207 P.2d 519; Union Land & Grazing Co. v. Arce, 21 N.M. 115, 152 P. 1143; New Mexico Realty Co. v. Security Investment & Development Co., 27 N.M. 664, 204 P. 984.

Hence, we should consider the title of the appellant, if any, to determine if he has any title to warrant relief from the court. In that connection we should examine the findings of the trial court and the conclusions based thereon, to see if the findings concerning the title, or lack of it, on the part of appellant, are sustained by substantial evidence. If there is substantial evidence to support the facts and conclusions of the trial court, relative to lack of title on the part of appellant, the decree of the trial court should be affirmed.

There is no dispute concerning the date when the patent was issued and that the deed to the ancestors of the appellant was given by Dionicio Sandoval and his wife 14 years before the patent was issued. There is a dispute concerning the question of what land was actually described in the deed. That question becomes unimportant under the holding to be hereinafter announced.

Faustin Garcia and his wife died before Dionicio Sandoval received the patent to the said Lot 5. However, Faustin Garcia left heirs and the appellant contends that when the patent was issued to Sandoval the heirs of Faustin Garcia became entitled to the land described in the Spanish

warranty deed. He contends that the after-acquired title inured to the benefit of the said heirs and that he, as a grandson, and as grantee from the other heirs, now has title to the land described in the Spanish warranty deed under the said rule relating to after-acquired property.

The question in this regard is whether or not the rule relating to after-acquired property rights applies in this case, where a warranty deed was given before the issuance of the patent.

The patent in this case was issued " * * * pursuant to the Act of Congress of May 20, 1862, 'To Secure Homesteads to Actual Settlers on the Public Domain,' and the acts supplemental thereto. * * *" Section 161, of Title 43, Public Lands (43 U.S.C.A. § 161) was derived from this Act of 1862. The parties in their briefs raised the question of the right of the appellant to the land under the theory that when the said Dionicio Sandoval acquired his patent that the warranty deed became effective to vest the title of the land in controversy in the appellant's grantors. But the parties did not discuss the question of public policy involved, namely, whether or not the court would lend its aid to enforce the deed under these circumstances.

■ This court, in McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250, held that:

" * * * an agreement (oral or written) to convey an interest in a homestead entry before the entryman is entitled to a patent is forbidden by United States law and is void. * * * [B]ut Federal law prohibits a sale of any interest therein; until the entryman has completed his engagement with the United States and is entitled to a patent. * * *"

The court held that such an agreement was unenforceable. We do not decide whether or not such a document would constitute color of title because the appellant did not claim title under adverse possession, and in fact the findings of the trial court did not cover such a situation. Nor were there any facts to support the proposition that the grantor had completed the acts entitling him to a patent when the deed was given. Hence, we hold that the deed was void and unenforceable.

There is nothing in the record to indicate when Mr. Sandoval made his entry. It may be that he was a mere settler when he gave the warranty deed. It may be that the deed described some other land. If it did, appellant's claim would not prevail. If it described the same land, or a part thereof, the deed was void. The courts have taken the position that such conveyances are void by reason of 43 U.S.C.A. § 162, which requires an entryman to make an affidavit that he has not made, either

directly or indirectly, any agreement with any other person to the effect that the right would inure to the benefit of such third party. There may be cases which would appear to give a settler the right to make contracts concerning his possessory right; but, in our opinion, where a deed is given 14 years before patent, and where the entryman has to make an affidavit that no valid contract exists which would inure to the benefit of a third party, in a case such as this, a deed, if it did cover the land, should not be enforced. McDonald v. Lambert, supra. In this respect the findings of the trial court were supported by substantial evidence and appellant cannot prevail on his claim through the deed of 1914

■■ The other claim of appellant was that he had title to the premises by virtue of a tax deed from the treasurer of San Miguel County, dated January 21, 1952. The trial court held that this deed did not vest title in appellant. The trial court found that the land was sold for taxes assessed for the year 1948, but that in fact the said Lot 5 was assessed for the same year and that the taxes for that year on Lot 5 were paid by one of the appellees or someone for him. We have examined the abstract of title introduced in evidence and find substantial evidence for this finding. It is unnecessary to detail this evidence here. The deed to appellant was based on a double assessment and is therefore void, if it covers the same land, which we cannot

ascertain from the record. The assessment on which the tax deed was based is as follows:

"Land Bd: N– Oak tree at *foothill*;
S– Public Road, E– Public Road;
W– Pecos River."

It was assessed to estate of Faustin Garcia for that year. The tax deed to appellant reads as follows:

"N–Oak Tree at foot of Hill; S and E–Pub Road; W–Pecos River; S½NW¼ Sec. 33 Twp 17 Rge 12."

This description varies some from the assessment. Also it adds "S½NW¼ Sec. 33 Twp 17 Rge 12." Any addition to the deed not appearing in the assessment is void, but if appellant claims his land in Sec. 33, Twp. 17, R. 12, it would not be in the same section or township as Lot 5, Sec. 5, Twp. 16 N., R. 12 E. This was not explained by the appellant. If this addition is disregarded, it leaves the description substantially as it appeared on the tax roll. Since the taxes were paid on Lot 5, to that extent appellant's tax deed would be a double assessment. Since that is the only land claimed by appellees, appellant could not prevail against appellees as to that tract of land.

This court is a little puzzled by the state of the record. The conclusion of the trial court number 2 reads as follows:

"That Daniel G. Ronquillo has no right, title, or interest in or to said Lot 5 of Section 5 in Township 16 North, Range 12 East of the New Mexico Principal Meridian, nor to any part thereof."

■ There is no conclusion concerning any other land in controversy. Based on this conclusion the plaintiff's complaint was dismissed. Plaintiff introduced an abstract of title and it covered only said Lot 5. Nothing was furnished to the court by which it could segregate the land in Lot 5 from other land which plaintiff might have claimed. The tax deed by which they claimed title was alleged to cover some land, at least in Lot 5. Evidently plaintiff claimed all or nothing. No findings were submitted nor evidence introduced by which the court could segregate the land and make any separate findings or conclusions. Hence, it appears to us that plaintiff cannot complain if he claims land outside of said Lot 5. No actual surveys were made to determine what part of the land, if any, was outside of Lot 5. No abstract concerning any other land was introduced. No findings concerning such question were requested. This court, by reason of this state of the record, is unable to pass on that phase of the question and has no choice but to affirm the judgment.

We feel that under the holdings above announced it is unnecessary to determine whether or not the description in the tax deed is so vague and indefinite as to be void. Likewise, it is unnecessary to decide any other questions raised.

From what has been said it is apparent that the decree of the trial court should be affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.