416 P.2d 155

CUBERO LAND GRANT, a Community Land Grant Corporation, Plaintiff-Appellee,

v.

Cecilio DeSOTO and Dulcinea DeSoto, Defendants-Appellants.

No. 7847.

Supreme Court of New Mexico.

July 5, 1966.

 

Edward J. Apodaca, Robert C. Hanna, Joseph H. Mercer, Albuquerque, for appellants.

Chavez & Cowper, Belen, for appellee.

## OPINION

COMPTON, Justice.

Cubero Land Grant, a Community Land Grant Corporation, situated in Valencia County, instituted this action in the usual statutory form to quiet title to 140.30 acres of land, allegedly the common lands of the Cubero Land Grant. From a judgment decreeing title thereto in the plaintiffs, except 20 acres which the court held that the defendants had acquired by adverse possession, the defendants have appealed.

The trial court found that the Cubero Land Grant was a community land grant, and that the Grant was the owner of the land involved here as a part of the common lands of the Grant, except the 20 acres acquired by the appellants by adverse possession. The court also found that the Grant had never conveyed the land in question or any part thereof to the appellants or any other person.

Appellants challenge the sufficiency of the plaintiff's evidence to support the court's findings of fact. We think the findings have substantial support in the evidence. In 1892, a patent was issued by the United States confirming title in the owners of the common lands of the Grant.

An abstract, including this patent, was received into evidence. The patent was color of title of the common lands of the Grant, Ward v. Rodriguez, 1939, 43 N.M. 191, 88 P.2d 277, cert. denied 307 U.S. 627, 59 S.Ct. 837, 83 L.Ed. 1511, and, under the facts here, constituted sufficient evidence of appellee's title to the land in question.

But appellants argue that the patent was ineffective as to existing claims to common lands within the Grant which had previously been conveyed by the appellee. In this respect, the witness, Rafael V. Baca, secretary of appellee, Cubero Land Grant, testified that the records of the Grant kept by him show that the Grant had never conveyed the land in question to anyone and that title thereto was still in the appellee.

Appellants concede that they were unable to show a chain of title but this has no bearing on the case. The rule is well established that in a suit to quiet title the plaintiff must recover on the strength of his own title and not on the weakness of the title of his adversary. Ronquillo v. Sandoval, 71 N.M. 459, 379 P.2d 611; Adams v. Benedict, 64 N.M. 234, 327 P.2d 308; Baltzley v. Lujan, 53 N.M. 502, 212 P.2d 417. We think appellee has clearly met this test.

The judgment should be affirmed. It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.