467 P.2d 719

**John CARANTA, Plaintiff-Appellant,**

v.

**PIONEER HOME IMPROVEMENTS, INC., Bernice Martinez and Sevedeo Martinez, Defendants-Appellees.**

**No. 8763.**

Supreme Court of New Mexico.

March 2, 1970.

Rehearing Denied April 27, 1970.

Monroe L. Fox, Chama; for appellant.

Robert S. Skinner, Raton, for appellee, Pioneer Home Improvements, Inc.

Carlos Sedillo, Albuquerque, for appellees, Bernice Martinez and Sevedeo Martinez.

## OPINION

SISK, Justice.

Plaintiff, John Caranta, brought suit to quiet title to 163.91 acres of land in Rio Arriba County. Defendants, Sevedeo and Bernice Martinez, by counterclaim and crossclaim sought to quiet title to 80 acres of that land, and defendant, Pioneer Home Improvements, Inc., claimed a first mortgage lien from the defendants Martinez on that 80 acres. The trial court found that neither Caranta nor the defendants Martinez were the fee simple owners of the land claimed by them and concluded that neither was entitled to have their title quieted. The judgment dismissed both Caranta's

complaint and the defendants' Martinez crossclaim. Caranta appeals from the dismissal of his complaint. No cross-appeal was taken by the defendants.

The issue on appeal is whether Caranta proved title to all of the property. We hold that he did.

The evidence reflects the chain of title on which Caranta bases his claim of ownership. In 1916 the United States granted a patent to Juan Ignacio Martinez which described all of the lands which Caranta now claims to own. In 1928 the patentee and his wife conveyed the same land by warranty deed to "A. Bruce, of Monero, New Mexico." In 1937 "A. Bruce and Martha Bruce, his wife," granted to Rio Arriba County an easement for highway purposes across a portion of the land. In 1958 "Martha Bruce, widow and sole legal heir of Anderson Bruce, deceased," conveyed the same land by warranty deed to John Caranta.

■ Caranta has the burden to establish a title that can be quieted, based on the strength of his own title and not on the weakness of the title of defendants. Heron v. Conder, 77 N.M. 462, 423 P.2d 985 (1967); Cubero Land Grant v. DeSoto, 76 N.M. 490, 416 P.2d 155 (1966); Union Land & Grazing Co. v. Arce, 21 N.M. 115, 152 P. 1143 (1915).

■ Contrary to the contention of defendants, there is substantial and uncontroverted evidence that the record title owner, A. Bruce, was the same person as Anderson Bruce. "A. Bruce and Martha Bruce, his wife," conveyed the right-of-way easement to Rio Arriba County in 1937. When identifying his deed from Martha Bruce, Caranta testified that Mrs. Bruce's husband's name was Anderson Bruce and that her husband had been killed. Even without this evidence, similarity of names is sufficient to establish the identity of a person where there is no evidence or suspicion to the contrary. Edelstein v. Pon, 183 Cal.App.2d 795, 7 Cal.Rptr. 65 (1960).

■ Because Caranta bases his claim of title entirely on the deed from Martha Bruce, he must trace his title to the government or to a grantor in possession. New Mexico Realty Co. v. Security Inv. & Dev. Co., 27 N.M. 664, 204 P. 984 (1921). Caranta has traced the title which he acquired back to the United States.

■ The only evidence concerning the heirship of the record owner, A. Bruce, is the recital in the deed from Mrs. Bruce to Caranta that the grantor is "Martha Bruce, widow and sole legal heir of Anderson Bruce, deceased." Defendants contend that this recital was not competent evidence against them. There is no New Mexico authority pertaining to the evidentiary value of heirship recitals in a deed, but the general rule is that such recitals are mere hearsay and are not competent evidence of the truth of the recitations against anyone other than the parties to the deed and persons in privity with them. Wanex v. Hurst, 188 Md. 520, 53 A.2d 38 (1947); Ross v. Loomis, 64 Iowa 432, 20 N.W. 749 (1884). This rule is stated in 1 Patton on Titles (2d Ed. 1957) § 21, at 120, as follows:

"Recitals that the parties to a deed are heirs of a record owner are, in the absence of statute, not competent evidence either of his death, or of their heirship."

6 Thompson on Real Property (1962 Replacement) § 3110, at 852, states:

"Although the general rule is that recitals in a deed are mere hearsay and are inadmissible in evidence as against a third person who claims by a paramount title, there is an exception to this rule in the case of an ancient deed accompanied by possession and such a deed is admissible, even as against third persons, as prima facie evidence of the facts recited in it."

■ The 1958 deed to Caranta is clearly not entitled to the benefit of the ancient-document rule recognized in Union Land & Grazing Co. v. Arce, supra. Therefore, for the purpose of proving as against defendants the truth of the recital of sole heirship, the deed was incompetent evidence of that fact.

The deed was admitted in evidence by stipulation of the parties, however, and no objection was made and no limitation or restriction was sought concerning the purpose for · which the stipulated evidence could be used. Where documentary evidence is admitted by stipulation, hearsay statements contained therein become competent evidence. Blume v. MacGregor, 64 Cal.App.2d 244, 148 P.2d 656 (1944). See also Annot., 79 A.L.R.2d 890.

The heirship recitation was hearsay and was incompetent and inadmissible against defendants. But such incompetency and inadmissibility is waived if admitted in evidence without objection, in which case the evidence may be considered and it has sufficient probative worth to support a finding or judgment. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); Kitts v. Shop Rite Foods, Inc., 64 N.M. 24, 323 P.2d 282 (1958); Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640 (1942).

The recital that Caranta's grantor was the sole heir of the record owner is obviously relevant to his claim of title. Because there was no evidence to the contrary, the trial court erred in finding that Caranta was not the owner of the land. The heirship recital is sufficient to support Caranta's requested finding of fact concerning such heirship and his requested conclusion of law that he is the fee simple owner of the property.

We recognize that some authorities deny evidentiary effect to recitals of heirship in a deed, apparently on the ground that such recitals alone have little or no probative effect against strangers to the deed. Brown v. Connor, 140 S.W.2d 495 (Tex.Civ.App.1940); Wolf v. Holton, 104 Mich. 107, 62 N.W. 174 (1895). However, we hereby adopt the preferable rule that although such recitals are hearsay and are incompetent evidence, they can become competent evidence to prove the truth of the facts recited when admitted in evidence by stipulation or without objection.

Defendants also contend that Caranta's complaint was properly dismissed because a plaintiff out of possession cannot maintain a quiet title action against a defendant who claims title, possession and the right of possession. This contention has no merit because § 22–14–1, N.M.S.A. 1953, provides that an action to quiet title may be brought by anyone whether in or out of possession, and because defendants Martinez clearly waived any right to jury trial by seeking to quiet their own title in this same equity action. Griego v. Roybal, 79 N.M. 273, 442 P.2d 585 (1968); Archuleta v. Landers, 67 N.M. 422, 356 P.2d 443 (1960); Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711 (1942); Pankey v. Ortiz, 26 N.M. 575, 195 P. 906, 30 A.L.R. 92 (1921).

The claims of the defendants were denied by the trial court. No appeal was taken by the defendants. However, it is nevertheless necessary to show that the ad valorem tax sale proceedings did not adversely affect the title established by Caranta. By a double tax assessment for the year 1942, the property was assessed to both A. Bruce and Fernando Torrez. Torrez paid his assessment in 1946, and in 1951 he obtained a redemption certificate from a tax sale certificate issued in 1949. In 1957 Torrez executed a warranty deed to the defendants Martinez describing all of the property. The Bruce assessment was paid by a tax sale certificate issued in 1948, from which a tax deed was issued to Wilton Fisher in 1952. The redemption certificate issued after the 1942 taxes had been paid created no title and did not adversely affect the title of the record owner. Morris v. Ross, 58 N.M. 379, 271 P.2d 823 (1954). The tax deed was void because it was based on a double assessment for a year on which taxes had previously been paid. Ronquillo v. Sandoval, 71 N.M. 459, 379 P.2d 611 (1962); Lawson v. Serna, 48 N.M. 299, 150 P.2d 122 (1944).

The judgment dismissing plaintiff's complaint is reversed and the cause remanded with instructions to enter judgment quiet-

ing title in the plaintiff to all of the real property described in the complaint.

It is so ordered.

MOISE, C. J., and SPIESS, C. J., Ct. App., concur.