528 P.2d 647

**Anselmo R. LERMA and Adelico R. Lerma, Plaintiffs-Appellants,**

v.

**Eligio A. ROMERO and Irene C. Romero, Defendants-Appellees.**

No. 9909.

Supreme Court of New Mexico.

Nov. 15, 1974.

David Eldon Douglas, Socorro, for plaintiffs-appellants.

Robertson & Reynolds, Silver City, for defendants-appellees.

## OPINION

MARTINEZ, Justice.

This is a quiet title action filed in Catron County, New Mexico. Suit was filed by plaintiffs, Anselmo R. Lerma and Adelico R. Lerma, to quiet title to approximately 30.25 acres of real estate. Defendants, Eligio A. Romero and Irene C. Romero, alleged ownership of 2.13 acres of the land sought in plaintiffs' complaint. There were two answers filed, one settled on a stipulation. The case proceeded to trial without a jury, and the court dismissed plaintiffs' complaint as to the 2.13 acres to which defendants claimed title. The plaintiffs appealed.

Appellants have two points upon which they base their appeal. First, they allege that the trial court erred in refusing appellants' requested findings of fact numbers 2, 3, 4, 5, 6, and 9. Second, the appellants allege that the trial court erred in refusing appellants' requested conclusions of law numbers 2, 3, 4, and 5, and also that the court erred in making its conclusion number 3. The basis for their allegations is that the appellants' requested findings of fact are founded upon uncontroverted evidence, and the refusal to make such findings would be contrary to such evidence. They further allege that the court's refusal to make appellants' requested conclusions of law is contrary to a proper statement of law based upon the facts, and that the court's conclusion number 3 is not supported by findings of fact or by the evidence. Appellants seem to have committed one fa-

**4**

tal error herein: They have not questioned or challenged the findings of the trial court. As this Court stated in Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc., 74 N.M. 530, 532, 395 P.2d 454, 455 (1964):

> "Facts found by the court and not attacked, * * * are therefore the facts upon which the case rests in this court, Marrujo v. Martinez, 65 N.M. 166, 334 P.2d 548, * * * *."

See also Wood v. Citizens Standard Life Insurance Company, 82 N.M. 271, 480 P.2d 161 (1971), and Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967). This Court will not second-guess the trial court in its findings of fact and will accept them as the findings in this Court, since they are not directly attacked. The trial court stated the following in its conclusion of law number 3:

> "Plaintiffs' quiet title suit as to the subject property claimed by the defendants, Eligio A. Romero and Irene C. Romero, is dismissed."

The court's conclusion is founded upon its findings of fact numbers 13 and 14, which are as follows:

> "13. The plaintiffs' chain of title consists of instruments purporting to describe and include the subject property by descriptions which are inadequate and insufficient to describe and include the subject property.
>
> "14. The plaintiffs have not sustained the burden of proof resting upon them in order to prevail in this action upon the strength of their own title as against these defendants."

Since these findings were not challenged by appellants, they form a proper basis for the court's conclusion number 3 and will stand in this Court.

Furthermore, it is well settled that the plaintiffs' prospects for recovery in a quiet title action must rest upon the strength of their own title and not upon the weakness of the defendants' claim. Cubero Land Grant v. De Soto, 76 N.M. 490, 416 P.2d 155 (1966); Ronquillo v. Sandoval, 71 N.M. 459, 379 P.2d 611 (1963). The plaintiffs-appellants have not met the test.

Unquestionably, a deed is void when it does not provide an adequate description to identify the land it purports to convey, using means either directly from its language or by something extrinsic to which it refers. Komadina v. Edmondson, 81 N.M. 467, 468 P.2d 632 (1970). The plaintiffs' chain of title failed in the instant case, and the trial court properly concluded in its conclusion of law number 3 that the plaintiffs' quiet title suit should be dismissed as to the property claimed by defendants-appellees. We agree.

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.