**TEXAS REAL ESTATE COMMISSION,**
**Appellant,**

**v.**

**William Lawrence HAYTER et ux.,**
**Appellees.**

**No. 13634.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 21, 1960.

· Will Wilson, Atty. Gen., John C. Steinberger, Asst. Atty. Gen., James M. Farris, Asst. Atty. Gen., for appellant.

Pat Maloney, Jack Pasqual, San Antonio, for appellees.

MURRAY, Chief Justice.

This is an appeal from a summary judgment granted against appellant, Texas Real Estate Commission, and in favor of Hulda Pearl Hayter, appellee. The appellant after due notice to appellees held a hearing, resulting in a six months' suspension of Hulda Pearl Hayter's real estate license. The order provided that her license should be suspended "for a period of six (6) months beginning at 12:01 A.M. on April 28, 1959 and ending at midnight on October 27, 1959." An appeal from this order was taken to the district court and a temporary injunction was issued against the Texas Real Estate Commission restraining it from enforcing the said order. A motion to advance the cause was made and overruled in the district court. Thereafter, on October 30, 1959, appellees filed a motion for summary judgment seeking a dismissal on the ground that the case had become moot because the period of suspension of appellee's license as provided for by the order had expired.

■ There were genuine issues of fact to be decided in this case and therefore the only ground for dismissal would be mootness of the cause. The trial court erred in granting the summary judgment based upon mootness because, while it is true that the period of suspension fixed by the Real Estate Commission in its order had passed,

it was within the power of the court, if it sustained the Commission in suspending the real estate license of appellee, to fix a new period of time for such suspension. The appellee was not entitled to escape punishment in this case simply because the Real Estate Commission did not take into consideration the fact that there might be an appeal and the execution of its order might be enjoined during the appeal.

The case of Lackey v. State Board of Barber Examiners, Tex.Civ.App., 113 S.W. 2d 968, 969, is in point and the rules laid down there are applicable here. In that opinion Chief Justice McClendon, speaking for the Austin Court of Civil Appeals, said:

"As we understand the first assignment, the contention is that the case was moot because the board in making its orders specified the particular dates between which the licenses were to be suspended, and those dates had passed. The trial court took the view that the appeal from the orders of the board suspended the orders, and therefore the specific dates on which the orders were to be effective could be fixed by the court, which was done. This we think was correct. The naming of the specific dates by the board was predicated upon compliance with the orders, which were suspended by the appeal; and therefore unless the court had the power it exercised, the orders would have been ineffective, since it would have been impossible to have enforced them or to have punished appellants for violating them, during their suspension on appeal."

To the same effect is Texas State Board of Dental Examiners v. Fieldsmith, Tex.Civ. App., 242 S.W.2d 213, 26 A.L.R.2d 990.

Appellees rely upon the case of State Board of Insurance Commissioners of Texas v. Fulton, Tex.Civ.App., 229 S.W.2d 652. The peculiar wording of the order in that case distinguishes it from the case at bar, and in refusing a writ n. r. e. the Supreme Court added, "But without thereby affirming that the cause was moot."

It is true that appellee's license for the year 1959 had expired on December 31, 1959, and it is apparent that if the six months' suspension order is to be enforced, it would be necessary to enforce it against appellee's renewed license, if any, for the year 1960. Appellee contends that there is nothing in the record to show that she has applied for or obtained a renewal of her license for the year 1960, and that therefore the case is moot. We do not agree. The Real Estate License Act, Art. 6573a, § 16, Vernon's Tex.Civ.Stats., gives the Commission the power to suspend or revoke a license, but it does not give it the power to refuse a renewal in this case. If appellee applied for renewal of her license for the year 1960, the Commission would be powerless to do anything other than grant such renewal, which would simply be an extension of her 1959 license. Appellee had an absolute right to renew her real estate license by making proper application and paying the annual fee. Therefore a suspension order by the Commission can properly be enforced against appellee's renewed license. In Isbell v. Brown, Tex.Civ.App., 196 S.W.2d 691, 693, Justice Norvell, speaking for this Court, said:

"We do not regard this case as being moot. Under the provisions of Article 6573a, § 15 the decision of this case would have some effect upon appellee's subsequent application for a license * * * and as appellee evidently desired to engage in the real estate business, something more than a mere abstract question of law is presented."

The same reasoning applies here. The fact that appellee is still contesting the order entered by the Real Estate Commission is indicative of the fact that she still desires to remain in the real estate business, and no doubt she has renewed her real estate license for the year 1960.

The burden of proof is upon a party contending that the case is moot to come forth

with proof showing such fact, and if in truth and in fact appellee has quit the real estate business and has not attempted to renew her real estate license, the burden is upon her to establish this fact.

The case is not moot, and the summary judgment of the trial court dismissing the cause for mootness is reversed and the cause remanded for a trial upon its merits.

Reversed and remanded.