750 P.2d 469

**STATE of New Mexico, ex rel. Alan BLANCHARD, Petitioner–Appellee,**

v.

**The CITY COMMISSIONERS OF CLOVIS, New Mexico, a municipality, and Don Clifton, Respondents–Appellants.**

**No. 9209.**

Court of Appeals of New Mexico.

Jan. 28, 1988.

David F. Richards, Garrett & Richards, Clovis, for respondents-appellants.

Stephen Quinn, Quinn, Quinn and Quinn, Clovis, for petitioner-appellee.

Hal Simmons, Albuquerque, amicus curiae New Mexico Press Ass'n.

## OPINION

FRUMAN, Judge.

Respondents appeal from the trial court's grant of a peremptory writ of mandamus

and order granting attorney fees to petitioner. The issues are whether the trial court erred: (1) in holding that the case was not moot; (2) in denying respondents' defense of failure to include necessary parties; and (3) in its interpretation and application of NMSA 1978, Sections 14–2–1 to –3 (Orig.Pamp. and Cum.Supp.1987). For the following reasons, we affirm the trial court.

## I. BACKGROUND

The City of Clovis advertised for applicants for the position of city planner. Petitioner, editor of the Clovis New–Journal, asked the city to disclose all applications, resumes and references received for the position. The city responded by providing the names and addresses of all applicants, but refused to disclose anything more.

After petitioner filed the petition for writ of mandamus, the city contacted all applicants to obtain their consent to disclosure of the information requested by petitioner. Three applicants specifically asked for non-disclosure and the others apparently did not respond. Then, prior to the hearing on the petition, the city rejected all applications for the planner position and advertised anew. Before the entry of the order granting the peremptory writ, the city hired a planner.

## II. MOOTNESS

■ Respondents contend that all issues became moot when the city rejected the applications for the planner position or, alternatively, when a planner was hired.

We agree with respondents that an appeal should not be entertained when the issues have become moot, *Romine v. Romine*, 100 N.M. 403, 671 P.2d 651 (1983), and that an actual controversy must exist to confer jurisdiction. *See Sanchez v. City of Santa Fe*, 82 N.M. 322, 481 P.2d 401 (1971). Under the facts herein, however, petitioner's claim is not moot.

Section 14–2–3 provides that "[i]f any officer having the custody of * * * city * * * records * * * shall refuse to any citizen of this state the right to inspect any public records * * * the aggrieved citizen

may petition * * * for a writ of mandamus to compel [their] production * * *." An officer of the city had custody of the applications. As discussed later in this opinion, the applications were public records. A request to inspect the records was refused. Even though the applicants were later rejected and, through a new selection process, a planner was hired, petitioner continued in his quest to inspect the earlier applications.

Since the trial court was able to grant the relief sought by entering judgment for peremptory mandamus, and since the judgment affords actual relief to petitioner and is capable of implementation, *see Atchison, Topeka & Santa Fe Ry. Co. v. State Corp. Comm'n*, 79 N.M. 793, 450 P.2d 431 (1969), we hold that the trial court correctly concluded that this cause was not moot.

## III. NECESSARY PARTIES

■ In their response to the petition for writ of mandamus, respondents alleged that the trial court lacked jurisdiction because the applicants for the planner position had not been made parties to this action. On appeal, respondents contend that the trial court erred in concluding that the applicants were not indispensable parties.

SCRA 1986, Rule 1–019(A) requires joinder of a person if:

(1) in his absence complete relief cannot be accorded among those already parties; or

(2) he claims an interest relating to the subject of the action and * * * the disposition of the action in his absence may:

(a) * * * impair or impede his ability to protect that interest; or

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

A determination of whether Rule 1–019(A) requires joinder of a particular person must be made in the context of the particular litigation. *See Holguin v. Elephant Butte Irrigation Dist.*, 91 N.M. 398,

575 P.2d 88 (1977). In this suit, respondents, in their brief-in-chief, correctly set forth various statements of law regarding the nature and application of Rule 1–019(A). In that brief, respondents state "the rights and interests of the applications were the essence of the issues involved." From this statement, we cannot determine how Rule 1–019(A) is implicated as contended by respondents. In their reply brief, respondents state that three of the applicants, who have not been identified, "specifically instructed the City not to disclose their resumes and other related documents" and "based their demands on their individual right of privacy and confidentiality." Respondents base this statement on their exhibit 1. Our view of that exhibit discloses, however, that the three "had exercised the privilege as far as production of their information" and that "privileged information * * * meant that the information was not to be released." This exhibit does not support the statement asserted in respondents' reply brief.

Thus, while respondents assert that all applicants are indispensable parties, they have not shown that the applicants either had or claimed any right of privacy and confidentiality recognized at law, have not shown that the interests of the applicants would be necessarily affected by the judgment of the trial court, and have not shown how joinder of the applicants is needed for a just adjudication of the petition for writ of mandamus. Counsel for respondents presented no evidence at trial other than exhibit 1. Arguments and statements of counsel are not evidence this court can consider. *State v. Jacobs*, 102 N.M. 801, 701 P.2d 400 (Ct.App.1985). Under these circumstances, we cannot conclude that the trial court erred in denying the joinder sought by respondents. *Cf. Grady v. Mullins*, 99 N.M. 614, 661 P.2d 1313 (1983) (trial court did not err in concluding United States was not an indispensable party, where interests of United States were separable from those of other parties).

For these reasons, and for the additional reason that respondents have not cited any authority in their briefs to support their contention that the applicants did possess rights that may have been affected by the relief sought, *see In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984), we affirm the conclusion of the trial court that the applicants were not indispensable parties.

## IV. INSPECTION OF PUBLIC RECORDS

In point III of their brief-in-chief, respondents raise several arguments that we address separately.

### A. *Public Records*

■ Respondents state that the applications were part of a preliminary employment negotiation process and that the applications were not required to be kept by law or as a part of the duty to be discharged by any officer. Therefore, respondents contend the applications are not public records and, accordingly, are not subject to public inspection. They support this statement by citing *Sanchez v. Board of Regents of E.N.M. Univ.*, 82 N.M. 672, 486 P.2d 608 (1971), for the proposition that documents generated in a negotiation process and which are not final records required to be kept by public officials are not public records.

We respond to respondents' contention by first noting that the documents sought in *Sanchez* were viewed as "thought processes" and, as such, were not public records requiring public inspection. We do not view the applications sought by petitioner as records of a thought process. Secondly, we note that the trial court entered a finding that respondents did not present any evidence that the applications were excepted from disclosure as public "records referred to in Section 14–2–1." We interpret this finding to refer to that section's enumeration of the records excepted from a citizen's right to inspect. As respondents have not objected to this finding, it becomes binding upon this court on appeal. *See Lerma v. Romero*, 87 N.M. 3, 528 P.2d 647 (1974). Also, respondents have not pointed to any evidence they may have presented to the trial court that would

show the records were not required to be kept by law or as part of a duty to be discharged by any city officer. Accordingly, we hold that the planner applications were public records.

### B. *Confidentiality of the Applications and the Rule of Reason*

Under Section 14–2–1, the legislature has provided that:

Every citizen of this state has a right to inspect any public records of this state except:

A. records pertaining to physical or mental examinations and medical treatment of persons confined to any institutions;

B. letters of reference concerning employment, licensing or permits;

C. letters or memorandums which are matters of opinion in personnel files or students' cumulative files;

D. as provided by the Confidential Materials Act [14–3A–1, 14–3A–2 NMSA 1978]; and

E. as otherwise provided by law.

Respondents argue that Section 14–2–1(E) excepts public records from disclosure when the exception is otherwise provided by law. They claim that the exception arises because the applications "are both confidential in nature and [their release would] constitute an invasion of privacy of the individuals who submitted" them.

It was stated in *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 798, 568 P.2d 1236, 1244 (1977), that "[t]he promise of confidentiality standing alone would not suffice to prevent disclosure. The promise would have to coincide with reasonable justification, based on public policy, for refusing to release the records * * *. Furthermore, the justification would have to be articulated by the custodian for the record."

In this case, the trial court found that respondents "presented no evidence linking a promise of confidentiality to the applicants with reasonable justification based on public policy." Respondents object to this finding, basing their objection upon an asserted, but unproved promise of confidentiality and upon arguments of public policy.

There was no testimony at trial concerning this point.

Accordingly, we hold that respondents failed in proving that the planner applications should not be disclosed because of their alleged confidential nature or because their disclosure would allegedly constitute an invasion of privacy. *See id.*

### C. *Personnel Matter*

Respondents state that the hiring of a city planner is a personnel matter. Respondents argue that the policy reasons for the exception of personnel matters in NMSA 1978, Section 10–15–1(E)(2) (Repl. Pamp.1987) of the Open Meeting Act are applicable. They argue this provides an additional reason for excepting the applications from disclosure and inspection. As this argument was not presented to the trial court, it cannot be considered by this court on appeal. *See State ex rel. Brown v. Hatley,* 80 N.M. 24, 450 P.2d 624 (1969).

### D. *In Camera Inspection*

 Respondents, through their counsel, informed the trial court of the claim of confidentiality of the applications and requested that the court inspect the applications in camera to determine whether they contained information protected by the rights of confidentiality and privacy. The trial court refused the request. Respondents claim that *State ex rel. Newsome v. Alarid* requires such an inspection, and thus it was error for the trial court to refuse their request.

We agree that *Newsome* does require an in camera examination of documents claimed to be confidential. The examination enables the trial court to determine whether the harm likely to result to the public interest by allowing the public inspection of documents outweighs the benefit to be gained when inspection is permitted. However, we also read *Newsome* as establishing threshold requirements before an in camera inspection becomes necessary. These requirements are that the custodian of the records must first determine whether the person requesting disclosure is a

citizen and whether the request is for a lawful purpose. Next, the custodian must justify why the records should not be furnished.

As we stated previously, respondents failed to present any testimony from the custodian regarding a justification why the applications should not be disclosed to petitioner. While respondents' counsel argued various justifications to the trial court and has set forth the custodian's justifications in the appellate brief, these justifications are not supported by any testimony in the record. Thus, these arguments and statements of counsel are not evidence which this court can consider. *See State v. Jacobs.*

## V. CONCLUSION

Accordingly, we hold that respondents failed to meet the threshold requirements of *Newsome,* and thus the trial court did not err in refusing to conduct an in camera examination of the applications. No costs are awarded. Although oral argument was requested, it is the decision of the panel that oral argument is not necessary. *See Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

The grant of the peremptory writ of mandamus is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.