870 P.2d 1390

**UNITED NUCLEAR CORPORATION,
Petitioner–Appellant,**

v.

**STATE of New Mexico, ex rel., Eluid
L. MARTINEZ, State Engineer,
Respondent–Appellee.**

No. 14775.

Court of Appeals of New Mexico.

Feb. 11, 1994.

Jon J. Indall and Joseph E. Manges, Carpenter, Comeau, Maldegen, Brennan, Nixon & Templeman, Santa Fe, for petitioner-appellant.

Ann Finley Wright and Stephen R. Farris, Sp. Asst. Attys. Gen., New Mexico State Engineer Office, Santa Fe, for respondent-appellee.

*OPINION*

PICKARD, Judge.

United Nuclear Corporation (UNC) appeals from the district court's dismissal of UNC's de novo appeal from an administrative ruling of the State Engineer. We reverse the district court and remand for a review on the merits of the administrative ruling.

BACKGROUND

In early 1990, UNC filed Declaration of Owner of Underground Water Right No. G–190 with the State Engineer. In the filing, UNC claimed that prior to the declaration of the Gallup Underground Water Basin, it intended to appropriate and use beneficially 650 gallons per minute of water for uranium processing from its Old Church Rock mine shaft, which is located in the Gallup basin. In early 1991, UNC applied for a permit from the State Engineer to supplement the points of diversion and purposes of use of the G–190 claim. UNC wanted to transfer the water from the Old Church Rock point of diversion to 750 adjacent wells for use in a proposed uranium mine to be operated by another company, Hydro Resources Incorporated (HRI). The State Engineer held a hearing, and the hearing officer denied the application.

Pursuant to NMSA 1978, Section 72–7–1 (Repl.1985), UNC appealed the hearing officer's decision to the district court. The State Engineer moved to dismiss the appeal on the grounds of mootness. The district court agreed, and the appeal was dismissed.

On appeal to this Court, UNC argues, inter alia, that (1) the district court lacked jurisdiction to dismiss the appeal because it did not have the entire administrative record before it, (2) the appeal was not moot, and (3) this Court should reverse the State Engineer's decision on the merits.

PRELIMINARY MATTER

■ We first note that the State Engineer's answer brief repeatedly attempts to reference and incorporate pleadings and briefs it has previously filed with this Court and the district court in lieu of argument in its brief. This is an unacceptable briefing practice, and we will not reexamine these other pleadings in this appeal. *See State v. Aragon*, 109 N.M. 632, 634, 788 P.2d 932, 934 (Ct.App.), *cert. denied*, 109 N.M. 563, 787 P.2d 1246 (1990).

LACK OF THE ADMINISTRATIVE RECORD

■ NMSA 1978, Section 72–7–2 (Repl. 1985), provides the following:

It shall be the duty of the state engineer, upon being served with notice of appeal [from a decision of the state engineer], to forthwith transmit or produce before the district court to which appeal may be taken the papers, maps, plats, field notes and other data in his possession affecting the matter in controversy, or certified copies thereof, which copies shall be admitted in evidence as of equal validity with the originals.

After UNC filed its notice of appeal from the administrative hearing, the State Engineer certified that it transmitted its records of the hearing to the district court. Those

records, however, were not received by the district court. As the record was not "before" the district court as required by Section 72–7–2, UNC argues that the district court had no jurisdiction to dismiss the case and, therefore, the order of dismissal should be reversed.

We reject this argument for two reasons. First, we do not consider Section 72–7–2 to be jurisdictional. UNC relies on *Angel Fire Corp. v. C.S. Cattle Co.*, 96 N.M. 651, 652, 634 P.2d 202, 203 (1981), and *Garbagni v. Metropolitan Investments, Inc.*, 110 N.M. 436, 439, 796 P.2d 1132, 1135 (Ct.App.), *cert. denied*, 110 N.M. 330, 795 P.2d 1022 (1990), for its jurisdictional argument. Both of those cases held that district courts do not have jurisdiction to review administrative cases until the statutory procedures for taking such cases out of the administrative framework and putting them into the judicial system have been fully complied with. *Angel Fire Corp.*, 96 N.M. at 652, 634 P.2d at 203; *Metropolitan Invs., Inc.*, 110 N.M. at 439, 796 P.2d at 1135. However, both of those cases address only the administrative procedures found in Section 72–7–1, which are procedures that explain how to perfect an appeal from a State Engineer's decision. *See Angel Fire Corp.*, 96 N.M. at 652, 634 P.2d at 203; *Metropolitan Invs., Inc.*, 110 N.M. at 439, 796 P.2d at 1135; *see also In re Application No. 0436–A*, 101 N.M. 579, 581, 686 P.2d 269, 271 (Ct.App. 1984). In contrast, the procedures found in Section 72–7–2 in no way help to take an administrative case out of the administrative framework; rather, they direct the action of the State Engineer after jurisdiction with the district court has already been established.

Second, the administrative record in this case was not needed by the district court to make its ruling on mootness because the motion to dismiss asserted mootness on the basis of facts occurring after the hearing officer's decision. Consequently, we find UNC's argument that reversal is warranted on this issue to be without merit.

## MOOTNESS OF THE DE NOVO APPEAL

■ UNC also argues that the district court erred in finding its de novo appeal

moot. An appeal should not be entertained when the issues have become moot. *State ex rel. Blanchard v. City Comm'rs*, 106 N.M. 769, 770, 750 P.2d 469, 470 (Ct.App.1988). An action is not moot, however, when the relief sought can be granted by the court. *Id.*

The parties disagree as to the proper standard of review in this case. Because the State Engineer's motion to dismiss had affidavits and various other documents attached to it, UNC argues that the motion to dismiss should be treated on appeal as a motion for summary judgment. *See Transamerica Ins. Co. v. Sydow*, 97 N.M. 51, 54, 636 P.2d 322, 325 (Ct.App.1981) (when matters outside the pleadings are considered in connection with a motion to dismiss, the motion is treated as a motion for summary judgment). By contrast, the State Engineer argues that the standard of review is one of substantial evidence in support of the district court's finding. Although we need not decide which standard of review is appropriate because UNC's argument fails even under the summary judgment standard, it appears that the summary judgment standard would be inappropriate in this case.

■ The summary judgment standard appears to be required when the motion amounts to one on which the merits of the case will be decided, such as a motion to dismiss for failure to state a claim upon which relief can be granted or a motion for judgment on the pleadings. *See* SCRA 1986, 1–012(B) & (C) (Repl.1992); *see also Transamerica Ins. Co.*, 97 N.M. at 54, 636 P.2d at 325. In this case, however, the State Engineer moved to dismiss not because it asserted that UNC had no claim, but because it asserted that UNC's claim was moot because of an event which occurred separate from the merits of the case.

The fact that affidavits were involved does not necessarily mean that the motion is one for summary judgment. When a motion requires a factual showing, affidavits are sometimes sufficient to establish the facts, depending on the circumstances of the case, as

well as the preference of the judge in certain instances. *See* David F. Herr et al., *Motion Practice* § 4.11.2, at 72–73 (2d ed. 1991) (presentation of facts will usually be either by affidavit or by taking of evidence and sometimes depends on the judge's preference); *State v. Hensel*, 106 N.M. 8, 10–11, 738 P.2d 126, 128–29 (Ct.App.) (appearance of witness and availability of cross-examination may be necessary at some motion hearings), *cert. denied*, 105 N.M. 720, 737 P.2d 79 *and* 484 U.S. 958, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987).

Cases from other jurisdictions hold that the burden of proof is upon the party contending that the case is moot to come forward with proof establishing mootness. *See Texas Real Estate Comm'n v. Hayter*, 338 S.W.2d 771, 772–73 (Tex.Civ.App.1960); *see also National–Standard Co. v. Adamkus*, 881 F.2d 352, 356 (7th Cir.1989) (burden of establishing mootness rests with the party suggesting mootness); *State v. Gardner*, 95 N.M. 171, 175, 619 P.2d 847, 851 (Ct.App.) (it is movant's burden to come forward with evidence sufficient to raise an issue concerning the allegations in the motion), *cert. denied* (Oct. 6, 1980). *See generally* Herr, *supra*, § 4.5, at 63 (a movant has the burden of persuasion to convince the court that its motion should be granted). If the standard is substantial evidence, we would determine whether the district court could find that the State Engineer satisfied its burden of proof as to mootness. *Cf. Estate of Fletcher v. Jackson*, 94 N.M. 572, 575, 613 P.2d 714, 717 (Ct.App.) (on appeal, appellate court determines whether the fact finder could properly determine that proof requirement is met), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980). If the standard is the summary judgment standard, the movant must show there is no issue of material fact and movant is entitled to judgment as a matter of law. *Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986).

In its motion to dismiss, the State Engineer asserted that HRI, the company seeking to use UNC's G–190 water claim, was planning to obtain the water it needed for its uranium mine from another source. Therefore, reasoned the State Engineer, reversing the hearing officer's ruling "would be a useless act, since the [G–190] application, if granted, would not be exercised." In support of its position, the State Engineer submitted affidavits from two State Engineer water resource specialists, Linda Gordan and Charles Wohlenberg, both of whom described conversations with HRI representatives.

According to Gordan's affidavit, the representatives stated that because of the expiration dates of many of HRI's uranium leases, resolution of UNC's appeal "would likely not be realized in a manner timely enough" for HRI to make use of UNC's G–190 water right. However, the State Engineer presented no evidence that UNC's appeal would in fact have been too late for HRI to utilize the G–190 claim.

As for Wohlenberg's affidavit, it asserted that the representatives stated that UNC "may" provide HRI with the necessary water from another source, "possibly the mill described under File No. G–11." However, the State Engineer presented no evidence that the G–11 water source would in fact have been used by HRI to satisfy its water needs. Further, the State Engineer made no showing that HRI had actually been approved to use the G–11 water source at the time of the motion to dismiss. In fact, the G–11 application was apparently pending before the State Engineer at the time this case was briefed, and we have not been informed of further action on it. Finally, as the G–11 application had not been considered, the State Engineer failed to show that the G–11 source would have satisfied the same water needs that the G–190 source, if approved, would have satisfied.

No matter what standard we apply and assuming that the affidavits were adequate "proof" of the facts they were offered to establish, we do not believe that the State Engineer adequately established that approval of UNC's application to transfer the G–190 point of diversion for HRI's use would have been a "useless act." We hold, there-

fore, that the State Engineer failed to carry its burden of proof and that the district court erred in dismissing UNC's appeal for mootness.

## REVERSAL OF THE STATE ENGINEER'S DECISION ON THE MERITS

UNC further argues that this Court should set aside the district court's order of dismissal and direct an entry of judgment in UNC's favor based upon the hearing officer's findings, which are a part of the limited record on appeal. However, in light of the fact that we do not have before us the entire administrative record, we cannot say that the facts of this case are undisputed. *See O'Rourke v. New Amsterdam Casualty Co.*, 68 N.M. 409, 417, 362 P.2d 790, 795 (1961) (on motion for rehearing) (it is within the province of reviewing court to direct entry of judgment, even though such relief was not sought, when no factual issues remain). Therefore, we reject this argument.

## CONCLUSION

Because we hold that the district court should have found that the State Engineer failed to carry its burden of proof in establishing mootness, the district court's order of dismissal is reversed. Because this issue is dispositive of the present appeal, we need not address the remaining issues raised by UNC. We remand the appeal to the district court for a review on the merits of the hearing officer's ruling after the State Engineer makes the administrative record available to the district court, if the State Engineer has not already done so.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.