NO. 07-02-0329-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 23, 2002



______________________________




IN THE INTEREST OF T. W., A MINOR CHILD




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 62,556-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR REHEARING


 By opinion dated August 8, 2002, we dismissed this proceeding for want of
jurisdiction because the notice of accelerated appeal from an order of termination was
untimely filed. On September 4, 2002, appellant filed a motion for extension of time in
which to file her motion for rehearing together with her motion for rehearing. (1) We grant the
motion for extension of time; however, remaining convinced that dismissal was required,
we overrule the motion for rehearing with these additional comments.

 By her motion for rehearing, appellant concedes that her accelerated notice of
appeal was due to be filed within 20 days after the termination order signed March 26,
2002. However, counsel for appellant admits that she mistakenly proceeded under the
ordinary appellate timetable after a motion for new trial was filed and did not file the notice
of appeal until July 23, 2002. Relying on Rule 42.3(c) of the Texas Rules of Appellate
Procedure counsel argues that dismissal of the appeal was discretionary. Rule 2,
however, provides that we may not suspend a rule's operation or order a different
procedure to alter the time for perfecting an appeal in a civil case. 

 Counsel also relies on In the Interest of B.G., E.H., and J.M.H., No. 10-02-019-CV,
2002 Tex.App. LEXIS 4371 (Tex.App.-Waco June 19, 2002, no pet. h.). In the Waco
case, appellant filed her notice of appeal on January 10, 2002, from a termination order
signed December 14, 2001. The Court notified appellant that although her notice of
appeal should have been filed within 20 days, pursuant to Rule 26.3 which provides a 15-day extension, the notice could be considered timely if she offered a reasonable
explanation for the delay. Appellant's counsel responded four days later explaining that
he was unaware of the Legislature's amendments to the Family Code (2) and that he
mistakenly believed that the motion for new trial extended the time for perfecting an
appeal. In the underlying case, appellant did not file her notice of appeal within the 15-day
window, but instead waited approximately three months after the termination order was
signed to do so. Nothing in the Texas Rules of Appellate Procedure provides a remedy
for a notice of appeal filed after all deadlines for doing so have expired. Thus, we had no
discretion but to dismiss the appeal for want of jurisdiction.

 Accordingly, appellant's motion for rehearing is overruled.


 Don H. Reavis

 Justice



Publish.
1. We do not overlook Rule 49.4 of the Texas Rules of Appellate Procedure which
grants us the authority to deny the right to file a motion for rehearing in an accelerated
appeal or shorten the time in which to file such motion. However, in the interest of justice
we follow the deadlines provided by Rules 49.1 and 49.8.
2. See Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a), and 263.405(c) (Vernon
Supp. 2002).



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0208-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
5, 2010

 



 

DONOVAN H. SAUCEDA,  

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

                                                                                         APPELLANT

_____________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-420,910; HONORABLE ABE LOPEZ,
PRESIDING

 



 

Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.








            Appellant
Donovan H. Sauceda was convicted of three counts of aggravated robbery.  In challenging those convictions, he contends
the trial court erred in 1) requiring him to show his tattoos to the jury, 2)
ordering restitution when it was not pronounced as part of the sentence, there
was no evidence to support the restitution order, there was no reference to the
victims names or addresses in the restitution order, and the fees and expenses
claimed were not shown to be related to the offense, and 3) assessing payment
of attorneys fees without evidence that appellant has the money to pay them
and without evidence of how the fees were determined.  We modify in part and, as modified, affirm
the judgment. 

Issue 1  Tattoos

In his first issue, appellant
complains of the showing of the tattoos on his legs to the jury.  He argues that his right against
self-incrimination was violated by that demonstration.  The issue is overruled.  

At the time of his objection, the
trial court queried as to whether the objection was based on Miranda, or
self-incrimination questions.  While
counsel replied in the affirmative, he went on to explain: 

And theyre doing it, in my opinion, in an effort to
inflame the jury.  They have pictures of
these tattoos.  I have seen the
pictures.  And assuming proper
authenticity and predicate, I wouldnt have an objection to those.  But to ask my client to parade in front of
the . . . jury and lift his pants leg to show the tattoos isnt proper.

 

            The
explanation of the objection does not appear to argue a violation of the right
against self-incrimination.  However,
assuming that the objection was preserved, appellants complaint still has no
merit.  

            It
has been repeatedly held that the display of the defendants tattoos to the
jury is not a violation of the right against self-incrimination.  Garza
v. State, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007); Canales v. State, 98 S.W.3d 690, 697 (Tex. Crim. App. 2003); Garcia v. State, 239 S.W.3d 862, 868
(Tex. App.Houston [1st Dist.] 2007, pet. refd), cert. denied, ___
U.S. ___, 129 S.Ct. 505, 172 L.Ed.2d 371 (2008).  Here, one of the victims had previously
testified that he observed unique tattoos (i.e.
a name) on the legs of one of the robbers, and he described those tattoos.  Because appellants defense was an attempt to
show that the victims were mistaken as to his identity, the evidence was
relevant to that issue.  And, that the
tattoo may have been of his name matters little.  It is no less an identifying marker than the
color of a persons eyes, the sound of his voice, or the color of his
hair.  More importantly, those are things
that the accused can be compelled to disclose to the jury.  Olson v. State, 484 S.W.2d 756, 763 (Tex. Crim. App. 1969); Whitlock v. State, 170 Tex. Crim. 153,
338 S.W.2d 771, 723 (1960).   

            Next,
and to the extent that appellant attempts to distinguish the situation before
us by characterizing the tattoo as communication, that
too is of no consequence.   Body art
consisting of dragons, skulls, symbols, flowers, or the like are also
communicative in nature.  They too convey
a message of some idea, belief, or expression selected by the person wearing
it.  But, in each case the message is
pre-existing and unlikely to incriminate in the same sense as compelling a
confession.   And, until the right
against self-incrimination is said to insulate a defendant from showing the
color of his eyes, providing a writing sample, or even displaying tattoos in
general, it did not prevent the trial court from requiring appellant to raise a
pant leg to show the jury the name stenciled on his leg.  Simply put, the trial court did not abuse its
discretion.  See Klein v. State, 273 S.W.3d 297, 304-05 (Tex. Crim. App. 2008)
(stating that the trial courts evidentiary rulings are reviewed for abuse of
discretion).  

 

Issues 2-8  Restitution Order

Appellant next complains of the trial
courts judgment which orders restitution in the amount of $1697.85.  First, he notes that no order of restitution
was rendered at sentencing.  

When the oral pronouncement of
sentence and the written judgment differ, the oral pronouncement controls.  Ex parte Huskins, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005); Aguilar v. State, 279 S.W.3d 350, 354
(Tex. App.Austin 2007, no pet.). 
An order of restitution must be included in the oral pronouncement to be
valid.  Alexander v. State, 301 S.W.3d 361 (Tex. App.Fort Worth 2009, no
pet.); Weir v. State, 252 S.W.3d 85,
88 (Tex. App.Austin 2008), revd in part
on other grounds, 278 S.W.3d 364 (Tex. Crim. App. 2009); but see Manning v. State, No.
05-06-0422-CR, 2007 Tex. App. Lexis 5733
at *3 (Tex. App.Dallas July 20, 2007, no pet.) (not
designated for publication) (holding that restitution
is not part of the sentence and does not have to be orally pronounced).  Indeed, restitution has been deemed to be an
aspect of punishment by our Court of Criminal Appeals, Ex parte Cavazos, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006), and
sentencing undoubtedly encompasses the measure of punishment to be levied in a
particular case.  So, we see no
legitimate basis to exclude it from the requirement that sentence be orally
pronounced in open court.     

Because the trial court omitted it
when it orally pronounced sentence, restitution could not be assessed in the
written judgment.  That
being so, the proper remedy is to modify the judgment to delete the order of
restitution.[1]  Alexander
v. State, supra; Weir v. State, supra.  And, our disposition of this matter precludes
the necessity to address appellants other objections with respect to
restitution or rule on appellants motion to strike from the clerks record
certain documents detailing loss or damage.  


Issues 9 and 10 - Attorneys Fees

Finally, appellant contends that he
may not be required to pay attorneys fees without evidence he is able to pay
them and without evidence of how the amount of the court-appointed fee was
determined.  We agree.

The trial court may order a defendant
to pay court-appointed attorneys fees if it determines that a defendant has
financial resources that enable him to offset in part or in whole the costs of
the services provided.  Tex. Code Crim. Proc. Ann. art. 26.05(g)
(Vernon Supp. 2009).  The
defendants financial resources and ability to pay are critical elements in the
trial courts determination.  Mayer v. State, No.
PD-0069-09, 2010 Tex. App. Lexis 100
at *11 (Tex. Crim. App. March 24, 2010). 
A review of the record shows that appellant was appointed counsel both
for trial and on appeal.  A defendant
determined to be indigent is presumed to remain indigent for the remainder of
the proceedings unless a material change in his finances occurs.  Id. at *14-15; Tex. Code Crim. Proc. Ann. art. 26.04(p)
(Vernon Supp. 2009).  We find no
evidence in the record from which the trial court could have concluded that
appellant had the ability to pay his attorneys fees.  Therefore, we sustain appellants issue.

Accordingly, we modify the judgment to
delete the portion requiring restitution and the payment of attorneys
fees.  In all other respects, the
judgment is affirmed.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

 

Publish.

                                                                                    

                                                                                    

 

                                                                                                                                                                        

                                                                                     

                                                                                     

 











[1]The State argues that the appropriate remedy is to
remand the matter to the trial court for a hearing with respect to
restitution.  This might be true if the
only problem with the restitution order was that there was no evidence to
support the amount.  See Barton v.
State, 21 S.W.3d 287, 290 (Tex. Crim. App.
2000).  However, the requirement of
restitution in this instance is a provision of punishment and part of the
sentence, and it must therefore be included in the pronouncement of the
sentence to be included in the judgment. 
Alexander v. State, 301 S.W.3d
361 (Tex. App.Fort Worth 2009, no pet.).