NO. 07-09-0208-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 APRIL 5, 2010

 DONOVAN H. SAUCEDA,
 Appellant
 v.

 THE STATE OF TEXAS,
 APPELLANT
 _____________________________

 FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2008-420,910; HONORABLE ABE LOPEZ, PRESIDING

 Opinion

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Appellant Donovan H. Sauceda was convicted of three counts of
aggravated robbery. In challenging those convictions, he contends the
trial court erred in 1) requiring him to show his tattoos to the jury, 2)
ordering restitution when it was not pronounced as part of the sentence,
there was no evidence to support the restitution order, there was no
reference to the victims' names or addresses in the restitution order, and
the fees and expenses claimed were not shown to be related to the offense,
and 3) assessing payment of attorney's fees without evidence that appellant
has the money to pay them and without evidence of how the fees were
determined. We modify in part and, as modified, affirm the judgment.

 Issue 1 - Tattoos

 In his first issue, appellant complains of the showing of the tattoos
on his legs to the jury. He argues that his right against self-
incrimination was violated by that demonstration. The issue is overruled.

 At the time of his objection, the trial court queried as to whether
the objection was based on "Miranda, or self-incrimination questions."
While counsel replied in the affirmative, he went on to explain:

 And they're doing it, in my opinion, in an effort to inflame the
 jury. They have pictures of these tattoos. I have seen the
 pictures. And assuming proper authenticity and predicate, I
 wouldn't have an objection to those. But to ask my client to
 parade in front of the . . . jury and lift his pants leg to show
 the tattoos isn't proper.

 The explanation of the objection does not appear to argue a violation
of the right against self-incrimination. However, assuming that the
objection was preserved, appellant's complaint still has no merit.

 It has been repeatedly held that the display of the defendant's
tattoos to the jury is not a violation of the right against self-
incrimination. Garza v. State, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007);
Canales v. State, 98 S.W.3d 690, 697 (Tex. Crim. App. 2003); Garcia v.
State, 239 S.W.3d 862, 868 (Tex. App.-Houston [1st Dist.] 2007, pet.
ref'd), cert. denied, ___ U.S. ___, 129 S.Ct. 505, 172 L.Ed.2d 371 (2008).
Here, one of the victims had previously testified that he observed unique
tattoos (i.e. a name) on the legs of one of the robbers, and he described
those tattoos. Because appellant's defense was an attempt to show that the
victims were mistaken as to his identity, the evidence was relevant to that
issue. And, that the tattoo may have been of his name matters little. It
is no less an identifying marker than the color of a person's eyes, the
sound of his voice, or the color of his hair. More importantly, those are
things that the accused can be compelled to disclose to the jury. Olson v.
State, 484 S.W.2d 756, 763 (Tex. Crim. App. 1969); Whitlock v. State, 170
Tex. Crim. 153, 338 S.W.2d 771, 723 (1960).

 Next, and to the extent that appellant attempts to distinguish the
situation before us by characterizing the tattoo as communication, that too
is of no consequence. Body art consisting of dragons, skulls, symbols,
flowers, or the like are also communicative in nature. They too convey a
message of some idea, belief, or expression selected by the person wearing
it. But, in each case the message is pre-existing and unlikely to
incriminate in the same sense as compelling a confession. And, until the
right against self-incrimination is said to insulate a defendant from
showing the color of his eyes, providing a writing sample, or even
displaying tattoos in general, it did not prevent the trial court from
requiring appellant to raise a pant leg to show the jury the name stenciled
on his leg. Simply put, the trial court did not abuse its discretion. See
Klein v. State, 273 S.W.3d 297, 304-05 (Tex. Crim. App. 2008) (stating that
the trial court's evidentiary rulings are reviewed for abuse of
discretion).

 Issues 2-8 - Restitution Order

 Appellant next complains of the trial court's judgment which orders
restitution in the amount of $1697.85. First, he notes that no order of
restitution was rendered at sentencing.

 When the oral pronouncement of sentence and the written judgment
differ, the oral pronouncement controls. Ex parte Huskins, 176 S.W.3d 818,
820 (Tex. Crim. App. 2005); Aguilar v. State, 279 S.W.3d 350, 354 (Tex.
App.-Austin 2007, no pet.). An order of restitution must be included in
the oral pronouncement to be valid. Alexander v. State, 301 S.W.3d 361
(Tex. App.-Fort Worth 2009, no pet.); Weir v. State, 252 S.W.3d 85, 88
(Tex. App.-Austin 2008), rev'd in part on other grounds, 278 S.W.3d 364
(Tex. Crim. App. 2009); but see Manning v. State, No. 05-06-0422-CR, 2007
Tex. App. Lexis 5733 at *3 (Tex. App.-Dallas July 20, 2007, no pet.) (not
designated for publication) (holding that restitution is not part of the
sentence and does not have to be orally pronounced). Indeed, restitution
has been deemed to be an aspect of punishment by our Court of Criminal
Appeals, Ex parte Cavazos, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006), and
sentencing undoubtedly encompasses the measure of punishment to be levied
in a particular case. So, we see no legitimate basis to exclude it from
the requirement that sentence be orally pronounced in open court.

 Because the trial court omitted it when it orally pronounced sentence,
restitution could not be assessed in the written judgment. That being so,
the proper remedy is to modify the judgment to delete the order of
restitution.[1] Alexander v. State, supra; Weir v. State, supra. And, our
disposition of this matter precludes the necessity to address appellant's
other objections with respect to restitution or rule on appellant's motion
to strike from the clerk's record certain documents detailing loss or
damage.

 Issues 9 and 10 - Attorney's Fees

 Finally, appellant contends that he may not be required to pay
attorney's fees without evidence he is able to pay them and without
evidence of how the amount of the court-appointed fee was determined. We
agree.

 The trial court may order a defendant to pay court-appointed
attorney's fees if it determines that a defendant has financial resources
that enable him to offset in part or in whole the costs of the services
provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009).
The defendant's financial resources and ability to pay are critical
elements in the trial court's determination. Mayer v. State, No. PD-0069-
09, 2010 Tex. App. Lexis 100 at *11 (Tex. Crim. App. March 24, 2010). A
review of the record shows that appellant was appointed counsel both for
trial and on appeal. A defendant determined to be indigent is presumed to
remain indigent for the remainder of the proceedings unless a material
change in his finances occurs. Id. at *14-15; Tex. Code Crim. Proc. Ann.
art. 26.04(p) (Vernon Supp. 2009). We find no evidence in the record from
which the trial court could have concluded that appellant had the ability
to pay his attorney's fees. Therefore, we sustain appellant's issue.

 Accordingly, we modify the judgment to delete the portion requiring
restitution and the payment of attorney's fees. In all other respects, the
judgment is affirmed.

 Brian Quinn
 Chief Justice

Publish.

-----------------------
 [1]The State argues that the appropriate remedy is to remand the
matter to the trial court for a hearing with respect to restitution. This
might be true if the only problem with the restitution order was that there
was no evidence to support the amount. See Barton v. State, 21 S.W.3d 287,
290 (Tex. Crim. App. 2000). However, the requirement of restitution in
this instance is a provision of punishment and part of the sentence, and it
must therefore be included in the pronouncement of the sentence to be
included in the judgment. Alexander v. State, 301 S.W.3d 361 (Tex. App.-
Fort Worth 2009, no pet.).