This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37766**

**CONSTRUCTORS, INC., a New Mexico corporation,**

      Plaintiff-Appellant,

v.

**STATE OF NEW MEXICO by and through the NEW MEXICO DEPARTMENT OF TRANSPORTATION,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Law Offices of Mickey Beisman
Mickey Beisman
Dana Beisman
Albuquerque, NM

for Appellant

Sheehan & Sheehan, P.A.
Dan Gershon
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Plaintiff Constructors, Inc. (Constructors) appeals a judgment entered in favor of Defendant New Mexico Department of Transportation (NMDOT), in which the district court found, among other things, that NMDOT did not breach its roadway construction contract with Constructors. As relevant to our disposition of this appeal, Constructors

argues that NMDOT breached the contract and the district court erred in excluding certain expert testimony relevant to that issue. Because Constructors fails to appropriately challenge the district court's findings and because its contentions about the expert testimony are without merit, we affirm.

## BACKGROUND

**{2}** Following its solicitation of bids for an urban roadway construction project in Portales, New Mexico (the Project), NMDOT awarded the contract to Constructors. The contract incorporated the New Mexico Department of Transportation: Standard Specifications for Highway and Bridge Construction (2007 ed.). Of importance, NMDOT Specifications Section 102.7 required NMDOT to "prepare [p]lans and [s]pecifications in accordance with acceptable engineering standards, and [to] give such directions as will enable any competent [c]ontractor to construct the [w]ork." NMDOT included the plans and specifications it had prepared for the Project in the bid package on which Constructors based its bid. Not included or referenced in the bid package was a drainage report (the Report), which NMDOT had commissioned during the design phase of the Project, showing the volume of offsite drainage that would flood the Project. While the Project was underway, intermittent rainstorms caused water from offsite to drain onto the jobsite, resulting in periodic flooding of ten inches or more.

**{3}** After completing the Project, Constructors sued NMDOT for breach of contract, alleging that NMDOT's failure to provide adequate plans and specifications caused Constructors to incur flooding-related costs not reflected in its bid. Constructors' case at the bench trial hinged on whether NMDOT Specifications Section 102.7 imposed a contractual duty on NMDOT to include, or otherwise refer to, the Report in the bid package. The district court ruled in favor of NMDOT, finding that NMDOT did not breach the contract.[1]

## DISCUSSION

**{4}** We address in turn Constructors' contentions that (1) NMDOT breached the contract, and (2) the district court erred in not allowing certain expert testimony.

## I.      Breach of Contract

**{5}** Constructors' main argument is that NMDOT breached its contractual duty to prepare plans and specifications in accordance with acceptable engineering standards by not including, or referencing, the Report in the bid package.[2] We decline to consider

---

[1]The district court also ruled in favor of NMDOT on numerous, alternative grounds pertaining to affirmative defenses and damages. Although Constructors challenges these rulings, in some fashion, on appeal, we do not address them because our affirmance of the district court's finding that NMDOT did not breach its contract with Constructors renders them moot.

[2]Ancillary to this argument, Constructors contends that because NMDOT "does not have a written definition of 'acceptable engineering standards,' " "no contractor will ever be able to prevail against . . . NMDOT." Constructors fails to develop or cite any legal authority for this argument, and does not indicate whether or where this argument was preserved. Because of this, we decline to review this contention.

this argument because Constructors manifestly fails to adhere to the Rules of Appellate Procedure.

**{6}**      As an initial matter, Constructors does not make clear on what particular basis it contends the district court erred in resolving the issue of breach. Our review is thereby limited. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (providing that appellate courts "will not review unclear arguments, or guess at what a party's arguments might be" (alteration, internal quotation marks, and citation omitted)). While Constructors' disagreement with the district court's disposition of its contract claim is clear, little else is. Constructors fails even to set out the applicable standard it contends should govern our review of the district court's breach-of-contract ruling, as required by the Rules of Appellate Procedure.[3] *See* Rule 12-318(A)(4) NMRA (requiring the appellant to include "*with respect to each issue presented*, . . . a statement of the *applicable* standard of review" (emphases added)). In response, NMDOT contends this ruling constitutes a finding of fact that should be reviewed for substantial evidence. We agree with NMDOT.

**{7}**      "Breach of contract is a question of fact that we review under a substantial evidence standard." *Chisos, Ltd. v. JKM Energy, L.L.C.*, 2011-NMCA-026, ¶ 21, 150 N.M. 315, 258 P.3d 1107 (internal quotation marks and citation omitted); *see also Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 36, 400 P.3d 290 (providing that breach of contract is a factual matter reviewed for substantial evidence, while contract interpretation is a matter of law reviewed de novo). Under this standard, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted); *see also State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 ("Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." (internal quotation marks and citation omitted)). When challenging findings on appeal, it is incumbent upon the appellant to (1) challenge the contested findings directly, and (2) set out the substance of the evidence supporting the district court's findings. *See State ex rel. Foy v. Vanderbilt Cap. Advisors, LLC*, 2022-NMCA-026, ¶¶ 26, 28, 511 P.3d 329. Constructors fails in each regard.

---

*See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue.").

3Constructors, citing inapposite cases on topics such as ineffective assistance of counsel and federal sentencing, offers only that questions of law are reviewed de novo and factual determinations present mixed questions of law and fact. While in general this may be an accurate statement, it is altogether unhelpful for the disposition of this appeal.

**{8}** First, Rule 12-318(A)(4) of the Rules of Appellate Procedure requires the appellant's argument to "set forth a specific attack on any finding, or the finding shall be deemed conclusive." When an appellant ignores the district court's findings and instead advocates for the appellate court to adopt the appellant's desired findings, the appellant violates this rule, and the district court's findings will stand on appeal. *See, e.g.*, *Lerma v. Romero*, 1974-NMSC-089, ¶ 2, 87 N.M. 3, 528 P.2d 647 (holding that, where the appellants argued that the district court erred in refusing requested findings but did not directly attack the district court's findings, the findings would not be reviewed on appeal); *State ex rel. Blanchard v. City Comm'rs of Clovis*, 1988-NMCA-008, ¶¶ 14-15, 106 N.M. 769, 750 P.2d 469 (holding that the district court's finding that a party failed to present evidence supporting its contention was binding on appeal because, although the party maintained the contention on appeal, it did not challenge the finding).

**{9}** Such is the case here. The district court found that, notwithstanding NMDOT's omission of any reference to the Report in the bid package, "[t]he plans and specifications were in accordance with acceptable engineering standards and gave such direction to a competent contractor to construct the [w]ork," and "NMDOT did not breach its contract with Constructors."[4] In making these findings, the district court necessarily found that "acceptable engineering standards" did not require NMDOT to include or reference the Report in the bid package. *See Doña Ana Mut. Domestic Water Consumers Ass'n v. N.M. Pub. Regul. Comm'n*, 2006-NMSC-032, ¶ 32, 140 N.M. 6, 139 P.3d 166 (holding that the record supported a finding implicitly made by the tribunal). On appeal, Constructors does not attack these findings or otherwise contend that they are unsupported by substantial evidence. Instead, Constructors repeats the arguments it made to the district court, essentially requesting that we find the exclusion of the Report, or lack of reference to it, in the bid package a breach of contract. Such an argument misunderstands this Court's role on appeal. *See Casias Trucking*, 2014-NMCA-099, ¶¶ 23-24 (observing that "[i]t is the sole responsibility of the trier of fact to weigh the testimony, . . . and determine where the truth lies" and "[w]e do not place ourselves in the position of the fact finder and reweigh the evidence" (internal quotation marks and citation omitted)). What is more, it is ineffectual under Rule 12-318(A)(4), and Constructors is thus bound by those findings. *See Lerma*, 1974-NMSC-089, ¶ 2; *Blanchard*, 1988-NMCA-008, ¶ 15.

**{10}** Second, even had Constructors appropriately attacked the district court's findings, Constructors also fails to comply with another provision of the Rules of Appellate Procedure. Under Rule 12-318(A)(3), "[a] contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing on the proposition[.]" The main purposes of this rule are to "fully apprise the reviewing court

---

[4]The district court mislabeled these findings as "conclusions of law." As noted, however, whether there is a breach of contract is a fact question. *Chisos*, 2011-NMCA-026, ¶ 21. We therefore treat the district court's mislabeled conclusions as findings of fact. *See Sheraden v. Black*, 1988-NMCA-016, ¶ 14, 107 N.M. 76, 752 P.2d 791 (providing that "[a] mislabeled finding of fact may nevertheless be treated as a finding, even though it may appear under a 'Conclusion of Law' heading"); *see also Apodaca v. Payroll Express, Inc.*, 1993-NMCA-141, ¶ 9, 116 N.M. 816, 867 P.2d 1198 (treating a mislabeled conclusion as a finding).

of the fact-finder's view of the facts and its disposition of the issues, and to help the court decide the issues on appeal." *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 15, 115 N.M. 181, 848 P.2d 1108. The rule thus "imposes a duty upon an appellant, who seeks to challenge findings adopted below, to marshal all of the evidence *in support* of the findings and then demonstrate that even if the evidence is viewed in a light most favorable to the decision reached below, together with all reasonable inferences attendant thereto, the evidence is insufficient to support the findings." *Maloof v. San Juan Cnty. Valuation Protests Bd.*, 1992-NMCA-127, ¶ 18, 114 N.M. 755, 845 P.2d 849 (emphasis added). The appellant's summary of the evidence should be thorough enough that neither the reviewing court nor the appellee has to supplement it. *Martinez*, 1993-NMCA-020, ¶ 13. When an appellant does not set forth the substance of the evidence—both favorable and unfavorable—bearing on the district court's findings, the appellant violates this rule and is bound by those findings. *McDonald v. Zimmer Inc.*, 2020-NMCA-020, ¶ 32, 461 P.3d 930.

**{11}** Again, such is the case here. Constructors fails entirely to set forth the substance of the evidence bearing on the district court's findings pertaining to breach. As NMDOT points out, Constructors omits any discussion of the relevant testimony of Tisha Clark, a professional engineer employed by NMDOT who, without objection, was qualified as an expert in the field of engineering and design of roadway projects. Among other things, Clark testified that: (1) a bid package includes the design plans and specifications for a given project; (2) the plans and specifications for the Project complied with guidelines established by the American Association of State Highway and Transportation Officials (AASHTO); (3) neither AASHTO nor the Federal Highway Administration guidelines require drainage reports to be included in a bid package; and (4) in her opinion, the plans and specifications were in accordance with acceptable engineering standards for roadway design and gave such direction as would enable a competent contractor to construct the work. Instead of explaining why it failed to discuss Clark's testimony, Constructors contends in reply that it had no obligation to do so. Without repeating the already-cited legal principles that directly contradict this assertion—it suffices to say that Constructors is wrong. Because Constructors fails to set forth the substance of all the evidence bearing on the district court's findings pertaining to breach, Constructors has waived any challenge to those findings.[5] *See Crutchfield*, 2005-NMCA-022, ¶ 17 ("Where an appellant fails to include the substance of all the evidence bearing upon a proposition, this Court will not consider a sufficiency of the evidence challenge." (internal quotation marks and citation omitted)); *see also McDonald*, 2020-NMCA-020, ¶ 32 (same).

---

[5]Even were we to review the district court's findings for substantial evidence, we think it highly doubtful Constructors would prevail in light of Clark's testimony. *See Charles v. Regents of N.M. State Univ.*, 2011-NMCA-057, ¶ 15, 150 N.M. 17, 256 P.3d 29 ("In reviewing a sufficiency of the evidence claim, this Court views the evidence in a light most favorable to the prevailing party and disregards any inferences and evidence to the contrary." (alteration, internal quotation marks, and citation omitted)).

**{12}** In sum, Constructors' failure to adhere to the Rules of Appellate Procedure dooms any challenge of the district court's findings pertaining to breach. *See Maloof*, 1992-NMCA-127, ¶ 19.

## II. Expert Testimony

**{13}** Constructors next argues that the district court abused its discretion in prohibiting two of its experts, Gene Beisman and Walter Hines, from opining as to whether acceptable engineering standards required NMDOT to include or reference the Report in the bid package. We reject Constructors' arguments.

### A. Gene Beisman

**{14}** Beisman, a professional engineer, testified on behalf of Constructors as a construction cost expert. Citing three portions of Beisman's testimony, Constructors asserts that the district court did not allow Beisman to "testify about whether . . . NMDOT had met 'acceptable engineering standards' because he was not a hydrologist." The record, however, belies Constructors' contention and, in fact, reveals that Beisman offered opinions on the meaning of "acceptable engineering standards" and whether NMDOT should have included or referenced the Report in the bid package.

**{15}** Constructors' first citation is to an irrelevant portion of NMDOT's opening statement. The second citation is to Beisman's testimony that, in his opinion, Constructors was entitled to compensation because "Constructors encountered substantial extra costs on the [P]roject because they didn't have the full picture when they bid the job." When asked what he meant by "full picture," Beisman began discussing how NMDOT knew from the Report that "extreme amounts" of water from offsite would flow onto the jobsite. NMDOT objected to this testimony on the ground that Beisman was not a hydrologist and, therefore, could not opine on drainage patterns. The district court, however, *overruled* that objection. Counsel for Constructors then dropped the subject and began a different line of questioning pertaining to damages. Constructors on appeal does not cite the district court's ruling.

**{16}** The third citation is to a short portion of the transcript in which, toward the end of the first day of trial, the district court sustained an objection from NMDOT pertaining to Beisman's qualifications. Prior to the ruling, Constructors had sought Beisman's opinion as to "what acceptable engineering standards would be in a bid." Counsel for NMDOT objected—not because Beisman was not a hydrologist—but because Constructors had not established Beisman's qualifications "to give opinions on acceptable engineering standards within the industry." Reviewing the record after the cited portion for anything of significance, we learn the following: After the district court sustained the objection, counsel for Constructors began asking a series of questions designed to establish Beisman's qualifications. Before counsel again attempted to obtain Beisman's opinion, however, the district court recessed for the day. On the morning of the second day of trial, Beisman testified, without objection, that he defined "acceptable engineering standards" as "technical information of any nature that enables the [P]roject to be

constructed." Additionally, Beisman opined that NMDOT "should have revealed or at least referenced the drainage patterns of the job site in the bidding documents."

**{17}** The foregoing makes apparent that Constructors acquired from Beisman the substance of the evidence it sought to obtain. In addition, Constructors is simply incorrect when it asserts the district court disallowed Beisman's expert testimony on the ground he was not a hydrologist. We accordingly reject Constructors' argument pertaining to Beisman.

## B.    Walter Hines

**{18}** Apparently under the mistaken impression that the district court precluded Beisman from giving an opinion on acceptable engineering standards because he was not a hydrologist, Constructors called Hines, a professional engineer specializing in hydrology and drainage, in rebuttal. When asked whether he had "an expert opinion on whether . . . NMDOT prepared the plans and specifications in accordance with acceptable engineering standards[,]" NMDOT objected on the ground that, although Hines could opine on the standards used in the Report, he was not qualified "to give opinions on roadway construction and what should be included in those plans." In response, counsel for Constructors, referencing Beisman, stated:

> The fact is that we tried to have an expert, an engineering expert, testify the other day and [NMDOT] objected and said he is not a hydrologist. So he can't testify as to acceptable engineering standards. So that is the reason why we have put on a hydrologist to testify as to acceptable engineering standards.

The district court sustained the objection because Hines was an expert in hydrology, not in roadway design or construction. Constructors made no further attempt to qualify Hines.

**{19}** Constructors fails to establish that the district court abused its discretion here. Before any substantive expert testimony is received, the party calling the expert normally must qualify the witness as an expert in the subject area of the testimony. *Lopez v. Reddy*, 2005-NMCA-054, ¶ 15, 137 N.M. 554, 113 P.3d 377. Contrary to Constructors' argument on appeal, simply because Hines was a professional engineer does not automatically mean he was qualified to opine on whether the plans and specifications for the Project were in accordance with acceptable engineering standards. *See id.* ¶¶ 1, 18, 22 (holding that the district court did not abuse its discretion in excluding expert testimony concerning surgery techniques from a medical doctor who did not perform surgeries). Constructors having made no other argument as to Hines, we hold the district court did not abuse its discretion in disallowing Hines's opinion testimony. *See Shamalon Bird Farm, Ltd. v. U.S. Fid. & Guar. Co.*, 1991-NMSC-039, ¶ 6, 111 N.M. 713, 809 P.2d 627 ("The trial court has wide discretion to determine whether a witness is qualified to give testimony as an expert and its determination will not be disturbed unless there has been an abuse of discretion.").

**CONCLUSION**

**{20}** For the foregoing reasons, we affirm the district court's judgment, finding that NMDOT did not breach its contract with Constructors, and the district court's rulings pertaining to Constructors' expert witnesses. We need not, and therefore do not, address Constructors' remaining contentions.

**{21}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**